IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KING ADE OLOWU | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TOM RIDGE, SECRETARY OF THE | : | |
| DEPARTMENT OF HOMELAND | : | |
| SECURITY, et. al. | : | NO. 04-5880 |

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL
CHIEF UNITED STATES MAGISTRATE JUDGE                              July 19, 2005

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2241, by an individual who is in the custody of the Bureau of Immigration and Customs Enforcement at Berks County Prison in Leesport, Pennsylvania.[1]  Petitioner seeks judicial review of alleged due process and equal protection violations by ICE in denying him release from detention under the "Intensive Supervision Appearance Program."

**BACKGROUND**[2]

Petitioner, King Ade Olowu, is a native and citizen of Nigeria.  He entered the United States in September 1981 as a non-immigrant and adjusted his status to lawful permanent

---

[1] On March 3, 2003, the U.S. Bureau of Immigration and Customs Enforcement ["ICE"] was established as part of the Department of Homeland Security.  ICE has assumed some of the functions of the former INS, including enforcement of immigration laws within the borders of the United States.  *See Bagot v. Ashcroft,* 398 F.3d 252, 255 n.1 (3d Cir. 2005).

[2] In preparing this Report and Recommendation I have reviewed the following documents: Mr. Olowu's §2241 petition (with exhibits), the Government's response (with exhibits), and Petitioner's "rebuttal" to the Commonwealth's response (with exhibits).

resident in January 1989.  In 1981, Petitioner attended Bethune-Cookman College in Florida.  He graduated and later became an accountant for the college.  *Government's Response to Habeas Petition* [Docket Entry No. 5]:Exhibit 1 (January 23, 2004 Memorandum Opinion) at p. 3.

In November 2000, Mr. Olowu was charged in a forty-six count indictment in the United States District Court for the Middle District of Florida with bank fraud in violation of 18 U.S.C. §1344.  *Id*.:Exhibit 1 (January 23, 2004 Memorandum Opinion) at pp. 3-4.[3]

On February 9, 2001, pursuant to a written plea agreement, Petitioner pled guilty to one count of bank fraud, and the remaining counts were dismissed.  On April 30, 2001, Petitioner was sentenced to 15 months in prison.  *Id.:* Exhibit 1 (January 23, 2004 Memorandum Opinion) at pp. 5-6.

On June 18, 2001, the INS sent Petitioner a Notice to Appear for removal proceedings.  The agency charged Petitioner with being subject to removal under §237(a)(2)(A)(iii) of the Immigration and Nationality Act, and 8 U. S. C. §1227 (a)(2)(A)(iii), on the basis that his bank fraud conviction was an aggravated felony.  *Id.:* Exhibit 1 (January 23, 2004 Memorandum Opinion) at p. 6.

Petitioner was released from prison to INS/ICE custody on July 11, 2003.  *Habeas Petition* [Docket Entry No. 1]: Exhibit "B" ("DACS Custody Summary Inquiry").

---

[3]   The indictment charged that Petitioner, as accountant for student records, was responsible for managing federal loans and grants for students.  Refund checks issued to some students at the end of the academic year sometimes lingered in school bank accounts without the students' knowledge.  Petitioner issued checks for the amounts owed to students whose addresses were stale, arranged to have accomplices fraudulently endorse the checks and cash them, and then shared the proceeds with his accomplices.  *Id*.

In July 2002, Petitioner was found removable as charged.  He filed for asylum, withholding of removal, and relief under the Convention Against Torture ["CAT"].  On October 24, 2002, the Immigration Judge found Mr. Olowu removable, denied his request for asylum as untimely, and denied withholding of removal and relief under the CAT.  *Government's Response*: Exhibit 1 (January 23, 2004 Memorandum Opinion) at pp. 6-7.

Mr. Olowu appealed to the Board of Immigration Appeal ["BIA"].  On April 3, 2003, the BIA affirmed, without opinion, the immigration judge's decision.  *Id.*: Exhibit 1 (January 23, 2004 Memorandum Opinion) at p. 13.

On April 21, 2003, Petitioner filed a §2241 petition in the Middle District of Pennsylvania.  In this habeas petition, he challenged the immigration judge's decision on thirteen grounds.  *Id.*: Exhibit 1 (January 23, 2004 Memorandum Opinion) at pp. 1-2.

On May 29, 2003, the District Court (the Honorable William M. Caldwell) granted Petitioner's motion for stay of deportation pending resolution of his habeas petition.  *Exhibits In Support Of Petitioner's Rebuttal* [Docket Entry No. 7]: Exhibit "B."

By Memorandum and Order dated January 23, 2004, Judge Caldwell rejected all thirteen claims of error and denied habeas relief.  At that time, the stay of deportation was vacated.  *Government's Response*: Exhibit 1 (January 23, 2004 Memorandum Opinion) at pp. 37-38.

On February 4, 2004, Mr. Olowu filed a notice of appeal to the Third Circuit.  Petitioner sought, and was granted by Judge Caldwell, a stay of removal pending disposition of his appeal.  *Olowu v. Dept. of Homeland Security,* CA #04-1298: Docket Entries at February 12, 2004.

By letter dated June 30, 2004, ICE informed Petitioner that after review of his file, it had been determined that Petitioner would not be released from custody at that time. The reasons given were as follows:

> "After carefully weighing the factors pertaining to your case, you will not be released from the custody of the ICE because you are ready for removal from the United States, except that on February 12, 2004 you received a stay of removal from the United States District Court, Middle District of PA. Should your case be dismissed and your stay lifted, you will be removed immediately."

*Habeas Petition* [Docket Entry No. 1]: Exhibit "A" (June 30, 2004 letter).

In an April 22, 2005 Opinion, the Third Circuit affirmed the District Court's denial of habeas relief. The Circuit found: (1) Mr. Olowu's conviction was an aggravated felony under 8 U.S.C. §1101(a)(43)(M)(I) because the relevant "loss"under the statute is based upon the entire scheme to defraud, which in this case, totaled more than $70,000.00; (2) Petitioner was not entitled to statutory withholding of removal and relief under the CAT; (3) Petitioner's claim that the Immigration Judge's denial of a continuance deprived him of his right to counsel was unexhausted; and (4) all of Petitioner's remaining claims were meritless. *Olowu v. Dept. of Homeland Security,* CA #04-1298, slip op. at pp. 3-6 (3d Cir. April 22, 2005).

By Order dated May 24, 2005, the Third Circuit denied Petitioner's motion for stay of mandate and for reinstatement of stay. *Olowu v. Dept. of Homeland Security,* CA #04-1298: Docket Entries.

On June 3, 2005, Mr. Olowu filed a petition for rehearing *en banc*. As of the date of this Report and Recommendation, that motion is currently pending. *Id.*

On December 14, 2004, Mr. Olowu filed the instant §2241 petition. In this petition, he contends that he should be permitted to be released from custody under the "Intensive Supervision Appearance Program," instituted by ICE on or about June 21, 2004. According to

Petitioner, he requested release under this program and was summarily denied based on the stay of removal in effect and his pending litigation in the Third Circuit. Petitioner asserts that he meets the eligibility requirements for release and has been "disparately treated from other aliens with Stay Orders that were released." He "seeks recourse to judicial determination of the violation of his statutory right and violation of his equal right under the constitution." Petitioner argues that his substantive and procedural due process rights, and his equal protection rights, have been violated. *Habeas Petition* at pp. 7-11.

The Government has responded to Petitioner's habeas petition, arguing that he is not entitled to habeas relief because he has not shown "any error of law or abuse of discretion." *Government's Response* at pp. 1-3. According to the Government,

> "Regardless of whether Mr. Olowu's action is viewed as tolling the six clear months that the government has to obtain his removal under the first prong of *Zadvydas*, or whether instead it is viewed as precluding Mr. Olowu from meeting his burden of proving that his deportation is not reasonably foreseeable under the second prong of *Zadvydas*, it is clear that '[i]n such circumstances, Petitioner has no cause to complain' of his continuing detention. *See Pelich*, 329 F.3d at 1057."

*Id.* at pp. 9-10.

Mr. Olowu has filed a response in opposition to the government's response. In this pleading, he argues that he has presented a *prima facie* case of "invidious discrimination," and "the Government has not met its burden of coming forward with evidence that could support a non-'clearly erroneous' finding." *"Petitioner's Response to Government's Response In Opposition To Petition For Writ of Habeas Corpus"* [Docket Entry No. 6][4] at pp. 2-9. Petitioner asserts that he has been in INS/ICE custody since June 29, 2002, the stay of removal was granted on May 7, 2003, and

---

[4] Hereinafter "Petitioner's Response."

> "the record shows that Petitioner was accorded only one perfunctory review within the three years on June 30, 2004, devoid of all the detail enumerated factors in Zadvydas, flagrantly violated its own regulation, '8 C.F.R. §241.4 et al.' Petitioner was not afforded the rudimentary elements of due process. Perfunctory reading of his file and review denied base[d] upon stay and past criminal record that is disavowed of violence and substantial evidence on record that avow of Petitioner's compliance with the law and parole regulations while on unsecured bond during trial, no disciplinary citation on record while incarcerated or while in the Bureau custody. Petitioner works in the visiting room in federal prison and was the librarian while in Bureau custody. Petitioner has an extensive family in United States and substantial equities. Petitioner is an Accountant, own his own home and establish a Business entity when he was relieved of his accountancy portfolio. Petitioner has been deprived of a fundamental fairness to a meaningful custody review. The Bureau has essentially accorded no review as mandated by their own regulation and essentially impugn the dictates of *Zadvydas*."

*Id.* at pp. 13-14.

## DISCUSSION

*A. Jurisdiction Under the REAL ID Act*.

On May 11, 2005, Congress enacted the REAL ID Act[5], which restructured the framework for aliens seeking judicial review of orders of removal. *See Papageorgiou v. Gonzales*, CA No. 04-3135, 2005 WL 1490454 (3d Cir. June 24, 2005). "Under the new judicial review regime imposed by the REAL ID Act, a petition for review is now the sole means of judicial review for all orders of removal except those issued pursuant to 8 U.S.C. § 1225(b)(1)." *Bonhometre v. Gonzalez*, BIA No. A91 436 391, slip op. at p. 5 (3d Cir. July 15, 2005). All challenges to removal orders are now heard in a single forum - the courts of appeal. *Id.*, slip op. at p. 6 (3d Cir. July 15, 2005).

The elimination of §2241 jurisdiction of aliens who are challenging orders of removal does not extend to challenges to the legality of detention, which may still be brought in a habeas

---

[5]   Pub.L. No. 109-13, 119 Stat. 231 (amending 8 U.S.C. §1252)(2005).

petition in the district court. *Id.*, slip op. at p. 5 n.4 (3d Cir. July 15, 2005). *See Sisay v. Gonzalez*, No.1:05CV0799, 2005 WL 1541085 at *1 (E.D.Cal. June 29, 2005)(nothing in the REAL ID Act precludes a district court from deciding a challenge brought by an alien to the legality of his continued confinement pending removal under *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001)).

Mr. Olowu is not seeking judicial review of an underlying removal order. Rather, he is challenging the decision to detain him pending removal. This court has jurisdiction over his habeas claim.

The scope of habeas review is limited to "constitutional issues and errors of law, including both statutory interpretations and application of law to undisputed facts or adjudicated facts, but does not include review of administrative fact findings or the exercise of discretion." *Auguste v. Ridge,* 395 F.3d 123, 138 (3d Cir. 2005)(*citing Bakhtriger v. Elwood,* 360 F.3d 414, 425 (3d Cir. 2004)). The proper inquiry in this case is whether the government denied Petitioner's constitutional and/or statutory rights by detaining him longer than six months, and *not* the sufficiency of evidence supporting the Government's exercise of its discretion. Therefore, to the extent that Petitioner argues that "substantial equities" support his request for release, the court lacks jurisdiction over that issue. *Habeas Petition* at p. 8.[6]

B.  *Standards of Law.*

---

[6] Petitioner states: "Since Petitioner has substantial equities in the country as owning his home, maintaining his own business venture after having been relieved from his accountancy job after twelve years of service, and his offense is not a violent crime nor does he posed [sic] a threat to the community. Petitioner submitted a custody review application to the District Director, the Supervisor of his facility, and his deportation officer. His application was summarily denied based on the Stay of Removal in effect and the pending litigation at the Court of Appeals. [. . . ]" *Id.*

Detention, release and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231.

After an order of removal is issued, the Attorney General shall remove the alien from the United States within ninety (90) days. 8 U.S.C. §1231(a)(1)(A). During this ninety day removal period, detention of the alien is mandatory. 8 U.S.C. §1231(a)(2).

The start of the removal period is the latest of three dates:

(1) "the date the order of removal becomes administratively final."
(2) "if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order."
(3) "if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."

8 U.S.C. §1231(a)(1)(B). *See Derevianko v, Ashcroft,* 78 Fed.Appx. 795, 796 n. 2 (3d Cir. 2003)("Under Section 241(a) of the INA, 8 U.S.C. §1231(a), detention is mandatory for 90 days following the final order of removal or 'if the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.'").

At the conclusion of the removal period, the alien may be released under the Attorney General's supervision. 8 U.S.C. §1231(a)(3). Detention of an alien beyond the 90-day period is permitted where the alien is determined to be an inadmissible alien under 8 U.S.C. §1182, has violated criminal laws, threatens national security, or is deemed by the Attorney General to be a "risk to the community or unlikely to comply with the order for removal." *Nma v. Ridge*, 286 F.Supp.2d 469, 474 (E.D. Pa. 2003)(citing 8 U.S.C. §1231(a)(6)). *See* 8 U.S.C. §1231(a)(3).

In *Zadvydas v. Davis*, the Supreme Court addressed the constitutionality of INS detention beyond the 90 day removal period. The Supreme Court interpreted 8 U.S.C. §1231(a)(6) as authorizing continued detention beyond the statutory removal period, but only as long as "reasonably necessary" to effectuate removal from the country. "Once

removal is no longer reasonably foreseeable, continued detention is no longer authorized."  The presumptive period during which post-removal order detention is reasonably necessary to effectuate removal is six months.  After that, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future."  *Sanchez v. Attorney General, United States,* CA No. 04-2740, 2005 WL 1634307 at * 1 (3d Cir. July 13, 2005)(quoting *Zadvydas v. Davis*, 533 U.S. 678, 689, 701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001)).

### C.  Analysis.

In the instant case, Mr. Olowu's removal period began on April 22, 2005, the date that the Third Circuit affirmed the denial of habeas relief, rejected Petitioner's challenge to his order of removal, and lifted the stay of removal.  As of the date of this Report and Recommendation, the ninety day removal period, during which Petitioner's detention is mandatory, has not yet expired.  As such, Petitioner's claim for habeas relief is premature.  *See Hendricks v. Ridge,* No. 3: CV-04-1956, 2005 WL 1500979 at *1 (M.D. Pa. June 23, 2005)(denying habeas petition without prejudice to file after petitioner's removal order became final).

Mr. Olowu's removal period will end on or about July 22, 2005, therefore, I will address his claim that he is entitled to release under *Zadvydas.*  Petitioner's continued detention for six months beyond July 22, 2005 to effectuate his removal will, under *Zadvydas*, be presumptively reasonable.  After this six-month period, Petitioner may continue to be held in confinement, unless he "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701 (2001).

In its response to the habeas petition, the government represents that Mr. Olowu's native country of Nigeria has conveyed its willingness to accept him. *Government's Response* at p. 6. At this point, Petitioner's challenge to his continued detention is neither ripe, nor has he met his initial burden of establishing that his removal in the reasonably foreseeable future is unlikely. Thus, Petitioner is not entitled to habeas relief at this time. Nothing precludes Mr. Olowu from filing another §2241 habeas petition in the District Court if, at the conclusion of the six month *Zadvydas* period, he can establish that his removal to Nigeria is no longer reasonably foreseeable. *See Joseph v. United States*, 127 Fed.Appx. 79, 82 (3d Cir. 2005).[7]

---

[7] Petitioner cites to *Lawson v. Gerkinski*, 332 F.Supp.2d 735 (M.D. Pa. 2004), in support of the challenge to his continued detention. *Habeas Petition* at pp. 14-15. While Petitioner is correct in noting that Judge Vanaskie granted habeas relief in the form of Lawson's release subject to reasonable conditions of supervision, the *Lawson* case is not "distinctly textually similar" to Petitioner's scenario. Mr. Olowu's detention has not been prolonged, consideration of his status after the *Zadvydas* six month period has not yet occurred, and because the Third Circuit has rejected Mr. Olowu's challenge to his final removal order, he cannot be said to be "continu[ing] to pursue a non-frivolous claim based upon an asserted substantial risk of harm." *Lawson,* 332 F.Supp.2d at 745-46 (M.D. Pa. 2004). Thus, I conclude that *Lawson,* which is not binding authority on this court, is distinguishable.

RECOMMENDATION

For the reasons stated above, it is recommended that the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. §2241, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING.

BY THE COURT:

_____
M. FAITH ANGELL
CHIEF UNITED STATES MAGISTRATE JUDGE